NOAH D. CORNISH, Respondent, *v.* THE FARM BUILD-
INGS FIRE INSURANCE COMPANY, Appellant.

*Policy of insurance — increase of risk — when case should be left to the jury.*

This action was brought upon a policy of insurance which provided that "any increase of hazard or material change shall avoid this policy, without consent indorsed hereon." The defense was that the premises became and were unoccupied at the time of the fire. Upon the trial, three witnesses, called by the defendant, testified that they were insurance agents, and the risk was increased by the non-occupancy of the premises. No witnesses were called by plaintiff on this point.

Defendant's counsel asked the court to direct a verdict on the ground that it was proved, without contradiction, that the risk had been increased. *Held,* that it was not error for the court to refuse so to do; that, although the evidence was competent and entitled to great weight, the jury had the right to decide the question of increase of risk upon their own views upon that question.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover the amount of a policy of insurance issued on a house of the plaintiff.

*S. Earl,* for the appellant.

*H. C. Kingsbury,* for the respondent.

MULLIN, P. J. :

The defendant insured the plaintiff's dwelling-house and barn, situate somewhere in Chautauqua county, for the term of three years from the 29th of January, 1873, in the sum of $2,475.

The policy contained the following condition : "Any increase of hazard or material change shall avoid this policy, without consent indorsed hereon."

When the property was insured, the buildings were occupied by a tenant of the plaintiff, and they continued to be so occupied until the forepart of May, before the fire, which occurred on the 4th of July, 1874, when the tenant left, and the premises were not again occupied by any person, and were not occupied at the time of the fire.

The defendant, on the trial, called three witnesses, who testified that they were, and had been for several years, insurance agents, and accustomed to examine risks and adjust losses, and that the risk of the insurance was increased by reason of the premises insured being unoccupied ; and the reasons for so testifying were, that the buildings were more liable to be occupied by tramps and children.

The plaintiff gave no evidence on the question whether the risk was increased because the premises were unoccupied.

At the close of the evidence, the defendant's counsel asked the court to order a verdict for the defendant, on the ground that, by the evidence, the risk had been proved to have been increased, and there was no conflicting evidence on that point.

The court refused to order a verdict as requested, and defendant's counsel excepted.

The counsel asked the court to charge the jury that the policy became void by reason of the premises being unoccupied. The court refused so to charge, and defendant's counsel excepted.

The jury found a verdict for the plaintiff, on which judgment was entered, and from it the defendant appeals.

When the evidence in a cause is conflicting, and when different constructions may be put upon the same writing or statement, or different inferences may be drawn from the same state of facts, the questions of fact must be submitted to the jury, and the court has no authority to take it from them.

In the case before us the question was not one of skill or science

merely ; it was one that the jury could have decided if the evidence of the experts had not been given. Their evidence was competent, and entitled to great consideration in deciding the question of fact, but it was not controlling. The jury had the right to decide the question of increase of risk, upon their own views upon that question. (*Grant* v. *Howard Ins. Co.*, 5 Hill, 10, and cases cited.)

The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.